STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois
corporation, Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY, a foreign corporation,
Defendant.

Civ. No. 82–0018.

United States District Court,
D. Hawaii.

May 27, 1983.

James Kawashima, Ronald Y.K. Leong, Honolulu, Hawaii, for plaintiff.

Howard F. McPheeters, Jeffrey Y. Higashi, Honolulu, Hawaii, for defendant.

## ORDER GRANTING PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

SAMUEL P. KING, Chief Judge.

This matter came on for hearing on April 28, 1983 on Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.

The underlying incident is an accident between an automobile driven by Katsumi Ushiro, insured by the defendant (hereinafter "National Union"), and a motorcycle driven by Laura Lee Ashby, insured by the plaintiff (hereinafter "State Farm"). National Union had issued a basic no-fault policy with a $15,000 aggregate limit on benefits. State Farm had issued a policy for "optional additional benefits". It was because of this additional coverage that State Farm paid benefits to its insured of $33,536.76, well over the $15,000 basic coverage required by Hawaii No-Fault Insurance laws. State Farm now seeks reimbursement of $25,947.42, or 80 percent of the total no-fault benefits paid. Its claim is based on sections 294–34 and 294–35 of the

Hawaii Revised Statutes. National Union admits that State Farm is entitled to reimbursement, but believes that reimbursement is restricted to the limits of its policy.

Section 294–34(a) provides:

Insurers ... paying no-fault or optional additional benefits are entitled to proportionate reimbursement from other insurers ... to assure that the allocation of the financial burden of losses will be reasonably consistent with the propensities of different vehicles to affect probability and severity of injury to persons.... Insurers paying no-fault benefits for loss arising from injury to persons, and arising from their own injuries, are entitled to proportionate reimbursement from insurers ... of other involved vehicles.

Subsection (c) provides that the commissioner may establish a system of reimbursement. Section 294–35 of the Hawaii Revised Statutes, entitled "Allocation of burdens until system established", establishes an interim system for proportionate reimbursement. It provides:

In accidents involving vehicles with four or more wheels and motor vehicles with less than four wheels, the insurer ... of the motor vehicle with four or more wheels shall reimburse eighty per cent of the no-fault benefits paid by the insurer ... of the motor vehicle with less than four wheels.

Defendant argues that "no-fault benefits" is a term of art defined in Haw.Rev. Stat. § 294–2(10). Section 294–2(10) states that " '[n]o-fault benefits' with respect to any accidental harm shall be subject to an aggregate limit of $15,000 per person or his survivor...." The definition does not include "optional additional benefits" beyond the minimum required coverage. Therefore, the defendant argues, the amount of "no-fault benefits" which State Farm can recover is subject to the $15,000 aggregate limit.

However, section 294–34 specifically provides for reimbursement of "optional additional benefits" paid. Therefore, the $15,000 aggregate limit set forth in section 294–2(10) is clearly not applicable to section 294–34. Insofar as section 294–35 is an interim measure implementing section 294–34, it would seem that the $15,000 aggregate limit would also not apply to section 294–35.

Furthermore, National Union admits that the $15,000 policy limit it seeks to impose on State Farm is not affected by the amount it pays to its insured. That is, the amount reimbursed is not diminished by the amount paid to the four wheel insured by his insurer. National Union has admitted, then, that in some situations its liability can exceed the maximum amount of its contracted coverage. For example, National Union could pay its own insured $15,000, its policy maximum. Under its own theory, it would still be liable for 80 percent of the reimbursed insurer's payments, to the extent of the $15,000 aggregate maximum. The policy limit is, at this point, an arbitrary limitation to apply since any reimbursement will exceed the carrier's maximum contractual liability.

National Union's second argument is that the insurer who receives additional premiums for additional coverage should not force another insurer, who receives premiums for minimum coverage, to share the burden of the additional payments. Premiums relate to the insurer's contractual obligation to pay its insured. However, the obligation to reimburse another insurer is an obligation imposed by statute, not by contract. It is part of the cost of writing insurance in Hawaii.

Other jurisdictions have held that provisions for a no-fault reimbursement scheme operate without reference to contractual insurance policy limits. In *Criterion Insurance Co. of Washington, D.C. v. Commercial Union Assurance Co.*, 89 Misc.2d 36, 390 N.Y.S.2d 953 (1976), the court reviewed the extent of the right to recover no-fault benefits paid under the New York No-Fault Act. Under the New York law, a no-fault insurer may recover from another no-fault insurer "the amount of [first party benefits] paid" based on a fault concept. The court held that the statutory obligation of an insurer to reimburse another insurer is not limited

by the underlying limits of the coverage. Rather, the reimbursing insurer assumed the obligation imposed by statute in writing insurance in the state. The New York statute, like the Hawaii No-Fault law, does not refer to insurance policy limits in determining the amount to be reimbursed. See also *Ohio Sec. Ins. Co. v. Drury*, 582 S.W.2d 64 (Ky.App.1979) where the court held that a reimbursing insurer "by writing insurance in Kentucky, makes itself amendable to . . . Kentucky Law, and necessarily assumes the obligations of [the no-fault reimbursement statute] notwithstanding the provisions of its contract with [its insured]."

National Union cites the Joint House Standing Committee Report No. 187 (Consumer Protection, Judiciary and Finance) in support of its interpretation of sections 294–34 and 294–35. Report No. 187 refers to reimbursement of "the basic reparation benefit paid". However, the version of the no-fault law discussed in the Report did not pass. Therefore Joint House Standing Committee Report No. 187 is of limited value in the interpretation of the existing no-fault law on the allocation of burdens among insurers.

This court finds that the amount to be reimbursed under Haw.Rev.Stat. §§ 294–34 and 294–35 is not restricted by the policy limits of the insurer of the vehicle with four or more wheels. National Union is obligated to reimburse to State Farm $25,947.42, which is eighty percent of the total no-fault benefits paid.

SO ORDERED.