■ ALLSTATE INSURANCE COMPANY, Respondent, v HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant. — In a declaratory judgment action, defendant appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered June 9, 1981, which, *inter alia,* granted plaintiff's motion for summary judgment, denied defendant's cross motion for the same relief and vacated a New York arbitration award. Judgment reversed, on the law, with $50 costs and disbursements, plaintiff's motion denied, defendant's cross motion granted, it is declared that the New York arbitration award is not null and void and said award is confirmed. This action results from an automobile accident which occurred on June 16, 1974, when one Gary Cheringal, a pedestrian, was struck by a car driven by David Hoppe in Nanuet, New York. Both Hoppe and Cheringal were residents and citizens of the State of New Jersey at the time of the accident. Hoppe was an assured of Allstate Insurance Company (Allstate), and Cheringal was insured by Hartford Accident and Indemnity Company (Hartford). Both policies were issued and effective under the laws of New Jersey. Hartford initially declined to pay Mr. Cheringal his no-fault benefits under its New Jersey policy. Accordingly, Allstate made payments, under protest, amounting to over $32,000. Allstate brought suit in New Jersey, seeking to recover such payments and to declare that Hartford had responsibility to pay Mr. Cheringal initially in accordance with New Jersey law. The New Jersey court found in favor of Allstate and ordered Hartford to make initial payments. Hartford complied with the New Jersey decree, and then in April, 1977 initiated an arbitration proceeding against Allstate to recover all benefits paid on behalf of Mr. Cheringal, plus interest, pursuant to section 674 of the New York Insurance Law. Allstate objected to the arbitration, setting forth the basis of its objection by letter dated September 30, 1978. The arbitration committee determined that the matter should properly be arbitrated. Following a hearing on January 16,

1980, the arbitration committee found that Hartford was entitled to recovery from Allstate. Thereafter, on June 30, 1980, the Board of Governors Insurance Arbitration Forums rejected Allstate's request to reopen the matter, stating that the decision of the arbitration committee was binding. While the matter of opening the arbitration decision was pending, Allstate commenced the instant action seeking a declaration that the rights and responsibilities of the parties were litigated in New Jersey and the judgment there is binding on the parties. Allstate moved for summary judgment on the basis of *res judicata* and collateral estoppel. Hartford cross-moved for the same relief on the basis of the arbitration committee's determination. Special Term, *inter alia,* granted Allstate's motion for summary judgment, finding that the issues raised in the instant action were sufficiently similar to those raised in the New Jersey action, and, therefore, *res judicata* should apply. It further found that New Jersey law should be applied in the determination of the payment of no-fault benefits. Since New Jersey law would not afford Hartford any remedy, the New York arbitration award was annulled by the court. We disagree. The New Jersey action was restricted to the question of which insurance company was responsible for primary payments to Mr. Cheringal. Allstate's counsel at that hearing conceded that any right to subrogation was not before that court, but must be determined in arbitration. The New Jersey court also stated that the determination of ultimate liability would properly be through arbitration. Additionally, the New Jersey statute which provides for contribution among insurers precludes its courts from making the ultimate determination. Section 39:6A-11 of title 39 of the New Jersey Statutes Annotated (Motor Vehicle and Traffic Regulation Law) provides that: "If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, *only by inter-company arbitration or inter-company agreement,* an equitable pro-rata share of the benefits paid" (emphasis supplied). Therefore, the doctrine of *res judicata* cannot be properly applied to these facts, and the issue of subrogation was properly presented to the arbitration committee. Allstate's contention that New York law should not be applied since both the injured party and the alleged tort-feasor are residents of New Jersey is without merit. Although both New York and New Jersey have no-fault coverage, the specifics of their respective laws differ. Section 676 of the New York Insurance Law provides that: "Every insurer authorized to transact business or transacting business in this state, or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting business in this state, which sells a policy providing motor vehicle liability insurance coverage, or any similar coverage, in any state or Canadian province shall include in each such policy coverage to satisfy the financial security requirements of articles six or eight of the vehicle and traffic law and to provide for the payment of first party benefits pursuant to subdivision one of section six hundred seventy two of this chapter when a motor vehicle covered by such policy is used or operated in this state, and every such policy shall be construed as if such coverage were embodied therein." Sections 671 and 672 provide for payments of up to $800 per month (or $184.62 per week) of lost earnings for a period of up to three years. There is a limit of $50,000 on all basic economic loss, which includes medical and medical-related expenses as well as lost earnings. The comparable New Jersey statute, section 39:6A-4 of title 39 of the New Jersey Statutes Annotated, provides for a maximum weekly payment for loss of income of $100 with a $5,200 ceiling for any person in any one accident.

Therefore, Allstate's contentions that the two States' laws are alike is without merit. Inasmuch as New York law expressly professes to control accidents which occur within its boundaries, and makes no exception for those cases where both parties are nonresidents (Insurance Law, § 676), New York law should be applied. Hartford's alleged failure to procure confirmation of the arbitration award within one year, in violation of CPLR 7510, does not constitute a bar to its recovery. Hartford's answer in this declaratory judgment action requested that the court declare the arbitration finding to be binding. That answer was submitted well within the one-year limit and preserves Hartford's right to have that award confirmed. Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.