211 N.J. Super. 336 (1986)
511 A.2d 1205
IDEAL MUTUAL INSURANCE CO., PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
ROYAL GLOBE INSURANCE CO., NEW JERSEY MANUFACTURERS INSURANCE CO. AND NEW JERSEY UNSATISFIED CLAIM AND JUDGMENT FUND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1986.
Decided June 20, 1986.
*338 Before Judges ANTELL, MUIR and ASHBEY.
McCreedy & Cox, attorneys for appellant New Jersey Manufacturers Insurance Co. (Edwin J. McCreedy on the brief).
Methfessel & Werbel, attorneys for respondent-cross-appellant Ideal Mutual Insurance Co. (Anthony P. Pasquarelli on the brief).
No brief was filed on behalf of respondents Royal Globe Insurance Co. or New Jersey Unsatisfied Claim and Judgment Fund.
The opinion of the court was delivered by, ANTELL, P.J.A.D.
Plaintiff brought this action March 16, 1984, for a declaratory determination of defendant coinsurers' liability for contribution of their equitable pro-rata share of PIP benefits paid by plaintiff to its insured for injuries which he sustained in an automobile accident June 9, 1980. Defendant New Jersey Manufacturers Ins. Co. (hereinafter "defendant") asserted that the action was barred by N.J.S.A. 39:6A-13.1, which mandates that "[e]very action for the payment of benefits set forth in sections 4 and 10 of this act" must be commenced within two years of the loss. The Law Division, however, held that the foregoing statute applied only to PIP claims being pursued by an insured, and not to claims for contribution among coinsurers. Ruling that the latter were actions for recovery in contract and governed by the six year period of limitations set forth in N.J.S.A. 2A:14-1, it reasoned that plaintiff was entitled to contribution from defendants "pursuant to their contract of insurance with their insureds," and concluded that the action was not barred *339 by the Statute of Limitations. Accordingly, on September 13, 1985, summary judgment was entered adjudicating defendant's liability for contribution.
In defending the correctness of the decision under review plaintiff argues that the six year period of limitation is made necessary by the fact that primary insurers often receive notice of their insured's claim too long after the loss has been suffered to start the contribution suit within the two year period. Plaintiff further explains that its claim for contribution is in no way derivative of the insured's claim, but is, rather, independently provided for by N.J.S.A. 39:6A-11. Overlooked by plaintiff is the fact that this enactment specifically provides that the right to recovery of contribution may be enforced "only by inter-company arbitration or inter-company agreement...." (Emphasis ours). See Iavicoli, No Fault & Comparative Negligence in New Jersey, 120 (1973).
Where an act is plain and unambiguous in its terms there is no room for judicial construction since the language employed is presumed to evince the legislative intent. International Broth. of Elec. Workers v. Gillen, 174 N.J. Super. 326, 329-330 (App.Div. 1980) (citing In re City of Passaic, 94 N.J.L. 384, 386 (Sup.Ct. 1920)); cf. 2A N.J. Sutherland, Statutory Construction (4th Ed. 1984), § 45.02 at 4. The purpose of a provision requiring inter-company arbitration is "[t]o reduce the burden of litigation in the courts...." 8D Appleman, Insurance Law and Practice, § 5178.35 at 512 (1981). In construing provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq., our Supreme Court has favorably noted "approaches which minimize resort to the judicial process...." Gambino v. Royal Globe Ins. Co., 86 N.J. 100, 107 (1981). That New Jersey courts are precluded by statute from determining liability among insurers and that such issue must be resolved in this State by arbitration or inter-company agreement has been elsewhere noted. E.g., Allstate Ins. Co. v. *340 Hartford Acc. & Indem., 90 A.D.2d 781, 782, 455 N.Y.S.2d 385, 387 (App.Div. 1982).
Except to assert in its Answer that plaintiff's claims are barred "by reason of the provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq.," defendant nowhere challenges plaintiff's right to secure contribution from coinsurers by any means other than arbitration or inter-company agreement. Although we do not ordinarily concern ourselves with issues not raised by the parties, the statute permits of no way to determine whether plaintiff's right to relief is time-barred except in terms of equitable principles applicable to arbitration. In this context neither the two year nor the six year statute governs. Although the Act itself is silent thereon, the rule is settled that absent waiver or laches "the cause of action for breach of the obligation to arbitrate does not accrue until the plaintiff requests arbitration and the defendant refuses to comply." Mitchell v. Alfred Hofmann, Inc., 48 N.J. Super. 396, 405 (App.Div. 1958), certif. den., 26 N.J. 303 (1958). "[T]he period of limitation [does] not begin to run until then." Ibid.; see also, Taylor v. Ford Motor Co., 703 F.2d 738, 743 (3d Cir.1983). Such action does not appear to have yet been taken. Furthermore, where there is no express time limitation within which the arbitrators must act, a reasonable time is implied. Mitchell v. Alfred Hofmann, Inc., supra, 48 N.J. Super. at 406.
While we would ordinarily consider vacating the judgment entered and directing the parties to their proper forum, to do so herein would serve no purpose except to produce additional delay and expenditure of resources. The only issue raised on this appeal is the timeliness of the action. No challenge is addressed to the substance of the determination itself. As we have said, plaintiff's right to seek relief by arbitration is unimpaired and we discern no sound reason why the judgment already entered should now be disturbed.
*341 On its cross-appeal plaintiff questions so much of the order of September 13, 1985, under review which vacates an award of prejudgment interest allowed by an order dated May 24, 1985. We gather that the trial court vacated the earlier provision for the reason that it had not expressly ruled upon this issue in its letter opinion of May 17, 1985, and interest had been included in the May 24, 1985 order by inadvertence.
Although we see no reason why interest should not be allowed the determination is one which rests in the discretion of the trial judge and should first be made by him. See A.J. Tenwood Assoc. v. Orange Sr. Cit. Housing, 200 N.J. Super. 515, 525 (App.Div. 1985), certif. den. 101 N.J. 325 (1985). The matter is therefore remanded to the Law Division for a statement of findings and conclusions as to plaintiff's entitlement to prejudgment interest and the amount thereof.
Affirmed in part, remanded in part for further proceedings.