251 N.J. Super. 352 (1991)
598 A.2d 242
GARY L. SHERMAN, PLAINTIFF-RESPONDENT,
v.
GARCIA CONSTRUCTION, INC., CESAR A. GARCIA AND JOSE GARCIA, DEFENDANTS, AND GARCIA CONSTRUCTION, INC. AND CESAR A. GARCIA, COUNTERCLAIMANTS-THIRD-PARTY PLAINTIFFS-APPELLANTS, AND LIBERTY MUTUAL INSURANCE COMPANY (INTERVENOR), COUNTERCLAIMANT AND THIRD-PARTY PLAINTIFF,
v.
TRAVELERS INSURANCE COMPANY, JUA AND UCJ, THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1991.
Decided October 25, 1991.
*353 Before PRESSLER, SHEBELL and D'ANNUNZIO, JJ.
Craig W. Miller argued the cause for appellants (Gallo, Geffner, Fenster, Schiffman & Berger, attorneys; Craig W. Miller, of counsel and on the brief).
William B. Ziff argued the cause for respondents Travelers Insurance Company and New Jersey Automobile Full Insurance Underwriting Association (Ziff and Ziff, attorneys; William B. Ziff, on the brief).
Respondent Gary L. Sherman did not file a brief.
The opinion of the court was delivered by SHEBELL, J.A.D.
This appeal pertains only to a third-party complaint for declaratory judgment filed by the defendants in the original action, Garcia Construction, Inc. and Cesar A. Garcia, and their insurer, intervenor, Liberty Mutual Insurance Company (Liberty Mutual), against Travelers Insurance Company (Travelers), servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association (JUA) and the Unsatisfied Claim and Judgment Fund (UCJ). The third-party complaint sought a judgment establishing the non-liability of the third-party plaintiffs for reimbursement of personal injury protection (PIP) benefits already paid and to be paid by Travelers to its insured, the plaintiff, Gary L. Sherman.
The third-party action initially sought to establish that upon deposit into court of the $300,000 policy limits of the insurance policy of Liberty Mutual which covered Garcia Construction, *354 Inc.'s commercial vehicle, Liberty Mutual would be discharged of liability to Sherman, Travelers, the JUA and UCJ, and also that Garcia Construction, Inc. and Cesar Garcia, Liberty Mutual's covered insureds, upon deposit of these proceeds into court, would be discharged of all liability to the PIP providers, third-party defendants. However, the only issue now remaining is whether because the full policy limits have been exhausted, the third-party defendants may proceed against Cesar Garcia and Garcia Construction, Inc. personally based upon their alleged individual liability as tortfeasors under the provisions of N.J.S.A. 39:6A-9.1 providing for reimbursement of PIP benefits.
We hold that an insured commercial motor vehicle tortfeasor has no personal liability for reimbursement of PIP benefits. We therefore reverse the order of the Law Division which denied the motion of Garcia Construction, Inc. and Cesar A. Garcia to bar Travelers, the JUA and UCJ from asserting any PIP reimbursement claim against them individually.
The facts are not in dispute. Plaintiff, Gary L. Sherman, was operating a private passenger automobile on October 19, 1988. He was involved in an intersection collision with a 1986 Mack dump truck registered as a commercial vehicle in New Jersey. The truck was owned by Garcia Construction, Inc.[1] and operated by Cesar A. Garcia. The truck was insured by Liberty Mutual under a commercial motor vehicle policy having liability limits of $300,000 per occurrence.
The JUA, with Travelers as the servicing carrier, wrote the coverage for Sherman's passenger vehicle. PIP benefits approximating $500,000 were paid by the JUA and UCJ to the plaintiff on account of his extensive injuries. In Sherman's liability action, the jury determined that the plaintiff was 49% at fault and that the defendants, Garcia Construction, Inc. and *355 Cesar A. Garcia, were 51% at fault. During the separate damages trial, no evidence was admitted as to damages covered by the PIP benefits paid to the plaintiff. The jury returned a gross verdict of $185,000.
On motion following the jury verdict, the court granted an additur raising the gross jury award to $550,000, together with prejudgment interest. Because the verdict was then reduced to reflect the extent of plaintiff's comparative negligence, defendants' available liability coverage was sufficient to satisfy plaintiff's verdict. However, the limits of Liberty Mutual's policy now appear to be substantially exhausted.
Although Travelers does not claim that under N.J.S.A. 39:6A-9.1 Liberty Mutual can be held for reimbursement of PIP benefits beyond the $300,000 limits of liability insurance, it seeks to hold the individual defendants personally liable for all reimbursement not covered by the policy. The Law Division judge agreed with Travelers' position, and hence this appeal by Garcia Construction, Inc. and Cesar A. Garcia.
Where the accident has occurred within this State, N.J.S.A. 39:6A-9.1 grants to providers of PIP benefits,
the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with section 18 of P.L. 1985, c. 520 (C. 17:28-1.4), or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident.
Significantly, this statute further provides:
In the case of an accident occurring in this State involving an insured tort-feasor, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.
At the time of the enactment of N.J.S.A. 39:6A-9.1, there no longer existed any right to reimbursement for monies paid by an insurer for PIP benefits. Pennsylvania Mfrs. Ass'n Ins. *356 Co. v. Government Emp. Ins. Co., 136 N.J. Super. 491, 498, 347 A.2d 5 (App.Div. 1975), aff'd o.b., 72 N.J. 348, 370 A.2d 855 (1977). The predecessor statute, N.J.S.A. 39:6A-9, had given that right to insurers paying PIP benefits only until December 31, 1974, and recovery could only be obtained from the tort-feasor's insurance carrier. See Cirelli v. The Ohio Casualty Ins. Co., 72 N.J. 380, 385, 371 A.2d 17 (1977). Reimbursement has never been permitted against an insured tortfeasor. Aetna Ins. Co. v. Gilchrist Bros., Inc., 85 N.J. 550, 567, 428 A.2d 1254 (1981); see N.J.S.A. 39:6A-12; Longworth v. Ohio Casualty Group of Ins. Co., 213 N.J. Super. 70, 86-87, 516 A.2d 287 (Law Div. 1986), aff'd, 223 N.J. Super. 174, 538 A.2d 414 (App.Div. 1988).
The Aetna Court pointed out that the right of an insurer paying PIP benefits to make claim against the insurer of the tortfeasor was not truly one of "subrogation" because the insurer's right to recovery was not derived from the insured. Aetna, 85 N.J. at 567, 428 A.2d 1254. Therefore, the right conferred by section 9 was strictly statutory, and failed to exist after the temporal expiration of section 9. Likewise, any right established by section 9.1 must be limited to the plain language of the legislative provision. The enactment of section 9.1 granted anew a right of reimbursement to PIP providers. That right is primary and not linked to any purported subrogation rights of the beneficiary of the PIP benefits. See Wilson v. Unsatisfied Claim and Judgment Fund Bd., 109 N.J. 271, 280, 536 A.2d 752 (1988).
In Buoni v. Browning Ferres Indus., 219 N.J. Super. 96, 100, 529 A.2d 1044 (Law Div. 1987), the Law Division judge held that, because of the last sentence of N.J.S.A. 39:6A-9.1, where commercial tortfeasors are "covered by liability insurance, the PIP reimbursement claim can be asserted only against their liability insurer." Id. at 101, 529 A.2d 1044. The conclusion he reached, and which we now adopt, is mandated by the clear language of the statute. Further, it is supported by public policy.
*357 The owners of motor vehicles are required to obtain liability insurance in minimum mandatory amounts established by the Legislature. N.J.S.A. 39:6B-1. N.J.S.A. 39:6A-9.1 undoubtedly affords personal immunity from claims for PIP reimbursement to commercial motor vehicle owners and operators who have insurance coverage. This limitation on PIP reimbursement thus serves to protect small commercial operators from the danger of being rendered insolvent by being held liable for large PIP reimbursement claims that sometimes arise from catastrophic injuries.
Travelers urges that this "Court should avoid a decision which will be viewed as a judicial grant of financial immunity to tortfeasors with inadequate insurance coverage to the detriment of insurers, self-insureds and those who pay higher premiums to protect their assets." If this is a matter of legitimate concern, it is for the Legislature to consider what remedy should be provided. There are varying ways to provide relief, including requiring higher limits of liability insurance or rendering the tortfeasor's liability limits inapplicable to the reimbursement of PIP benefits. These are legislative not judicial options.
The order of the Law Division is reversed. The matter is remanded for entry of an appropriate order declaring Garcia Construction, Inc. and Cesar A. Garcia not responsible for reimbursement of PIP benefits in these circumstances.
NOTES
[1] It had been alleged alternatively in Sherman's amended complaint that Jose Garcia was an owner of the truck.