remanded for the purpose of entering an amended form of judgment in conformance with this opinion.

636 A.2d 550

NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, BY AND THROUGH ITS SERVICING CARRIER, CSC, PLAINTIFF–RESPONDENT, v. LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 22, 1993—Decided January 19, 1994.

Before Judges KING, HAVEY and A.A. RODRÍGUEZ.

*Dana C. Argeris* argued the cause for appellant (*Carton, Witt, Arvanitis & Bariscillo,* attorneys; *Ms. Argeris,* on the brief).

*James W. McCartney* argued the cause for respondent (*Slimm & Goldberg,* attorneys; *Mr. McCartney,* on the brief).

The opinion of the court was delivered by

RODRIGUEZ, A.A., J.S.C. (temporarily assigned).

The issue raised by this appeal is whether *N.J.S.A.* 39:6A–9.1 requires that a carrier seeking reimbursement of personal injury protection (PIP) benefit payments made to its insured must assert its rights against the tortfeasor's insurer by demanding formal arbitration within two years of the filing of the PIP claim. We hold that it does. Accordingly, we reverse and remand for the entry of summary judgment in favor of defendant Liberty Mutual Insurance Company.

The facts are not disputed. Lisa Altidor was involved in an automobile accident on February 23, 1990 when her vehicle was struck by one owned by Comcast Cable One (Comcast). Altidor was insured by plaintiff, New Jersey Automobile Full Insurance Underwriting Association, through its servicing carrier CSC Insurance Services. She filed a claim for PIP benefits on March 7, 1990 and received her first payment on March 27, 1990. Twenty-two months later, on January 29, 1992, plaintiff sent a form letter to Comcast's carrier, defendant Liberty Mutual Insurance Company (Liberty) advising of its "subrogation interests." [1] This letter did not demand arbitration. Instead it contained this request: "please send us your check including the deductible amount payable to CSC Insurance Services as subrogee of our above named insurer." Since no response was received, on March 30, 1992 plaintiff's claims adjuster sent a second letter inquiring as to the reason for nonpayment. That letter contained the following language "if no reply is received within fifteen days, we will file arbitration/suit." On April 6, 1992, Liberty's representative re-

---

[1] "Subrogation" is an inappropriate term since the insurer's right to recover PIP benefits paid is not derived from the insured. *Sherman v. Garcia Const. Inc.,* 251 *N.J.Super.* 352, 356, 598 *A.*2d 242 (App.Div.1991).

plied that payment was being declined because the "statute of limitations" had expired.

On April 24, 1992, plaintiff through counsel formally demanded arbitration pursuant to *N.J.S.A.* 39:6A–9.1. Because Liberty refused to arbitrate, plaintiff filed a verified complaint and an order to show cause. Liberty cross-moved for summary judgment. The motion judge concluded that the statute requires only that a carrier seeking recovery give notice of its request within two years of the filing of the PIP claim. Because the letter sent to Liberty on January 30, 1992, (within two years of the filing of the PIP claim) constituted such notice, the judge held that the limitation was satisfied, denied Liberty's motion for summary judgment and ordered that the PIP reimbursement claim be submitted to binding arbitration.

On appeal, Liberty contends that *N.J.S.A.* 39:6A–9.1 mandates that in order to recover PIP benefits paid to an insured, a carrier must formally demand arbitration within two years of the filing of the PIP claim. Conversely, plaintiff contends that notice within two years of the PIP claim that a carrier will be seeking recovery is sufficient unless prejudice can be shown. Alternatively, plaintiff argues that the arbitration demand made on April 24, 1992 was timely with respect to those bills which were received within two years. We agree with Liberty's position.

In pertinent part, *N.J.S.A.* 39:6A–9.1 provides:

An insurer, ... paying ... personal injury protection benefits ... as a result of an accident occurring within this state, shall, within two years of the filing of the claim, have the right to recover the amount of payment from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expenses benefit coverage ... under the laws of the state.... In the case of an accident occurring in this state involving an insured tortfeasor, the determination as to whether an insurer ... is legally entitled to recover the amount of payment ... shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.

When a statute is clear on its face, a court need not look beyond its terms to determine the Legislature's intent. "If the language is plain and clearly reveals the meaning of the statute,

the court's sole function is to enforce the statute in accordance with those terms." *Department of Law & Public Safety v. Bigham*, 119 *N.J.* 646, 651, 575 *A.2d* 868 (1990).

■ The statutory language: "shall, within two years from the filing of the claim, have the right to recover," clearly evidences the Legislature's intent to limit the right of insurers to seek reimbursement for PIP payments from the tortfeasor to a period of two years, which period begins to run from the filing of the claim. Prior to its enactment there was no right to reimbursement of PIP benefits paid by an insurer. *Sherman v. Garcia Const., Inc., supra,* 251 *N.J.Super.* at 355, 598 *A.2d* 242 (*citing Pennsylvania Mfrs. Assn. Ins. Co. v. Gov't Emp. Ins. Co.,* 136 *N.J.Super.* 491, 498, 347 *A.2d* 5 (App.Div.1975), *aff'd o.b.* 72 *N.J.* 348, 370 *A.2d* 855 (1977)). Since this right is wholly statutory, it is strictly limited by the terms of the enactment which created it. *Sherman, supra,* 251 *N.J.Super.* at 356, 598 *A.2d* 242.

■ The statutory language in the second sentence pertaining to insured tortfeasors: "Shall be by agreement of the involved parties or, upon failing to agree, by arbitration," is equally clear in showing the legislative intent that carriers seeking reimbursement from a tortfeasor's insurer should move for arbitration only upon failure to agree on entitlement and amount of payment. Thus, the Legislature contemplated two scenarios. The preferred one is agreement between the carriers. The alternative is binding arbitration. Unless an agreement is reached the only effective way to seek recovery is through arbitration. We must conclude that because this right of recovery was created for an expressly limited period of time, it may only be asserted during that period. Therefore we hold that, except where a "discovery rule" exception may apply, a formal demand for arbitration must be filed within two years of the filing of the PIP claim in order to satisfy *N.J.S.A.* 39:6A–9.1.[2] Plaintiff failed to demand arbitration within two years

2 This court held in *Allstate Ins. Co. v. Coven,* 264 *N.J.Super.* 240, 249, 624 *A.2d* 594 (App.Div.1993), that the statute would be enforced requiring the PIP carrier

of March 7, 1990, the date of filing of the PIP claim. Therefore, it lost its right to seek recovery from the tortfeasor's insurer for the benefits it paid.

We disagree with the judge's conclusion that, since it provided adequate notice, plaintiff's letter of January 1990 constituted a demand for arbitration. The statute grants the insurer "the right to recover." Adequate notice may be sufficient to initiate the process towards reaching an agreement. However, failing an agreement, a carrier can only "recover" from the tortfeasor's insurer through arbitration. As discussed above, such a demand must be formally submitted before the expiration of the two-year period.

Plaintiff relies on *Ideal Mut. Ins. Co. v. Royal Globe Ins. Co.*, 211 *N.J.Super.* 336, 511 *A.*2d 1205 (App.Div.1986), for the proposition that *N.J.S.A.* 39:6A–9.1 does not require the filing of a demand for arbitration within any specific period. In *Ideal*, we confronted the question of whether a claim for PIP contribution under *N.J.S.A.* 39:6A–11 must be asserted within a two or six-year period of limitation. This court first recognized *N.J.S.A.* 39:6A–11:

> ... permits of no way to determine whether plaintiff's right to relief is time-barred except in terms of equitable principles applicable to arbitration. In this context neither the two year nor the six year statute governs. [*Ideal, supra,* 211 *N.J.Super.* at 340, 511 *A.*2d 1205.]

We held that, as in *N.J.S.A.* 39:6A–11 when there is no express statutory time limit, then, absent waiver or laches, the cause of action for breach of the obligation to arbitrate does not accrue until the plaintiff requests arbitration and the defendant refuses to comply. By contrast, the controlling statute here, *N.J.S.A.* 39:6A–9.1, expressly sets a two-year limitation. Thus, plaintiff's reliance on *Ideal* is misplaced.

Plaintiff also contends that any bills which it presented less than two years before the formal request on April 24, 1992 for formal

---

to seek reimbursement within two years of the initial filing of the PIP claim with one caveat: a discovery rule is deemed to be part of the legislative intent.

arbitration are not barred. Such an interpretation would require us to ignore the express language of the statute, *i.e.* "within two years of the filing of the claim." As the motion judge correctly observed, the statutory intent is partially to guarantee that an insurer paying PIP benefits acts expeditiously in asserting its right of recovery against the tortfeasor's carrier. Any prejudice created by a late receipt of a PIP claim is expressly addressed by the statutory provision that the period does not begin to run until the filing of the claim. Once the right to recovery is initially asserted within the period set by the statute, subsequent bills are not barred absent a showing of waiver, prejudice or laches, the equitable principles enunciated in *Ideal, supra,* 211 *N.J.Super.* at 340, 511 *A.*2d 1205.

Reversed and remanded.