NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5972-13T1

STATE FARM INDEMNITY
COMPANY,

      Plaintiff-Respondent,

v.

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **March 4, 2015**
>
> **APPELLATE DIVISION**

      Argued February 10, 2015 — Decided March 4, 2015

      Before Judges Reisner, Haas and Higbee.

      On appeal from Superior Court of New Jersey,
      Law Division, Camden County, Docket No. L-
      1846-14.

      Michael Eatroff argued the cause for
      appellant (Methfessel & Werbel, attorneys;
      Mr. Eatroff, on the brief).

      Suzanne E. Mayer argued the cause for
      respondent (Newman & Andriuzzi, attorneys;
      Ann Dee Lieberman and Ms. Mayer, on the
      brief).

    The opinion of the court was delivered by

REISNER, P.J.A.D.

This appeal concerns the interpretation of N.J.S.A. 39:6A-11, which governs disputes between insurance companies over contribution for personal injury protection (PIP) benefits. Defendant National Liability & Fire Insurance Company (National) appeals from a July 25, 2014 order compelling arbitration of a contribution claim by plaintiff State Farm Indemnity Company (State Farm). National contends that the trial court should have determined whether it owed coverage to the accident victim, before requiring that it proceed to arbitration over State Farm's claim for contribution for PIP benefits State Farm paid to the victim. Interpreting the statute in light of the clear legislative purpose favoring arbitration of PIP disputes, and in light of settled precedent, we affirm the trial court's ruling that the entire dispute should be submitted to arbitration. We also conclude that State Farm properly sought to enforce this arbitration demand by filing an order to show cause pursuant to Rule 4:67-1(a).

N.J.S.A. 39:6A-11 caps the total amount of PIP benefits payable if multiple insurers owe PIP coverage to the same accident victim, and it defines the method by which an insurer that has paid the victim all of the PIP benefits due may recover a pro-rata share from the other covering insurers. In one very

long sentence, which we have slightly truncated to remove irrelevant text, the statute reads as follows:

> If two or more insurers are liable to pay [PIP] benefits . . . for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in [N.J.S.A. 39:6A-4 and 39:6A-10], [N.J.S.A. 39:6A-3.1] and [N.J.S.A. 39:6A-3.3], respectively, if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
>
> [N.J.S.A. 39:6A-11.]

To put the dispute over this provision in context, William Jean was struck by a car while riding a bicycle. William[1] had no auto insurance, but would be entitled to PIP coverage under the policy of a family member with whom he resided.[2]  See N.J.S.A. 39:6A-4, -4.2.  According to State Farm, William was a resident relative of both his father, Hertelou Jean, who had a policy with State Farm, and his cousin, Andre Beldor, who had a policy with National.  State Farm paid the PIP benefits due to William, and then sought contribution from National.  After National

---

[1] Since William and his father have the same last name, we refer to William by his first name.

[2] The parties agree with that legal proposition which, therefore, requires no further discussion.

A-5972-13T1

refused to contribute, State Farm filed a summary action in the Law Division to compel arbitration under N.J.S.A. 39:6A-11.

National denied that William and his cousin lived in the same household at the time of the accident, and argued that the trial court should resolve that factual issue, which would determine coverage, before sending the contribution dispute to arbitration. The trial court disagreed, concluding that the arbitrator should decide all issues pertinent to the contribution dispute, including whether William was covered for PIP benefits under the National policy.

On this appeal, National repeats its argument that the issue of coverage must be decided by the court. Parsing the language of the statute as though the two halves of the sentence were essentially unrelated, National contends that arbitration is only required "if two or more insurers are liable to pay benefits." N.J.S.A. 39:6A-11. Hence, National argues, the determination of coverage is a prerequisite to the obligation to arbitrate, and must be decided by the court. Relying on O'Connell v. New Jersey Manufacturers Insurance Co., 306 N.J. Super. 166, 172-73 (App. Div. 1997), appeal dismissed, 157 N.J. 537 (1998), National argues that, as a general principle, courts should decide coverage issues before submitting other insurance-related disputes to arbitration. National further urges that

"residency" can be a complex legal and factual issue that arbitrators are not qualified to decide.

State Farm responds that O'Connell is not on point because it involved construction of an insurance contract, not a statute. State Farm relies on State Farm Insurance Co. v. Sabato, 337 N.J. Super. 393, 394 (App. Div. 2001), where the court, construing the no-fault statute, N.J.S.A. 39:6A-1.1 to -35, held that coverage was to be decided by the arbitrator. State Farm also contends that an arbitrator can readily decide the "resident relative" issue, and that arbitration of all issues is consistent with the purpose of N.J.S.A. 39:6A-11. See State Farm Mut. Auto. Ins. Co. v. Molino, 289 N.J. Super. 406, 411 (App. Div. 1996). We find State Farm's arguments persuasive.

Our courts have acknowledged that "transactional efficiency" is the "legislative grail" of our State's no-fault auto insurance system. Rutgers Cas. Ins. Co. v. Ohio Cas. Ins. Co., 299 N.J. Super. 249, 263 (App. Div. 1997), aff'd o.b., 153 N.J. 205 (1998); see also Coalition for Quality Health Care v. N.J. Dep't of Banking & Ins., 348 N.J. Super. 272, 311 (App. Div.), certif. denied, 174 N.J. 194 (2002). To that end, arbitration requirements in the statute are broadly construed in favor of the submission of all issues to arbitration rather than

in favor of bifurcating issues between the courts and arbitration. See Molino, supra, 289 N.J. Super. at 409-11.

In Ideal Mutual Insurance Co. v. Royal Globe Insurance Co., 211 N.J. Super. 336, 338 (App. Div. 1986), this court addressed a dispute between two insurers over whether a claim for inter-company arbitration was barred by the statute of limitations. We pointedly observed that that dispute itself belonged in arbitration:

> Overlooked by plaintiff is the fact that this enactment [N.J.S.A. 39:6A-11] specifically provides that the right to recovery of contribution may be enforced "only by inter-company arbitration or inter-company agreement. . . ." (Emphasis ours).
>
> Where an act is plain and unambiguous in its terms there is no room for judicial construction since the language employed is presumed to evince the legislative intent. The purpose of a provision requiring inter-company arbitration is "[t]o reduce the burden of litigation in the courts. . . ." In construing provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq., our Supreme Court has favorably noted "approaches which minimize resort to the judicial process. . . ." That New Jersey courts are precluded by statute from determining liability among insurers and that such issue must be resolved in this State by arbitration or inter-company agreement has been elsewhere noted.
>
> [Id. at 339 (citations omitted).]

After noting that "the statute permits of no way to determine whether plaintiff's right to relief is time-barred

except in terms of equitable principles applicable to arbitration," we decided the limitations issue only to avoid "additional delay and expenditure of resources" in that case. Id. at 340. However, the interpretation of N.J.S.A. 39:6A-11 in Ideal Mutual is unmistakably clear. All disputes between insurance companies arising under that provision are to be decided by an arbitrator.

Moreover, in construing other arbitration provisions in the same statute, our courts have clearly held that "coverage issues are to be decided by the arbitrator in the same manner as issues dealing with the extent of injury and the amount of recovery." Sabato, supra, 337 N.J. Super. at 396-97 (citing Molino, supra, 289 N.J. Super. at 410-11). We specifically disapproved efforts by insurers "'to avoid arbitration simply by characterizing PIP disputes as questions of . . . "coverage" and then seeking judicial resolution of those issues.'" Id. at 397 (quoting Molino, supra, 289 N.J. Super. at 411). We reach the same conclusion here.

Defendant argues that "residency" is too complex an issue for an arbitrator to decide. We disagree. The issue is no more complex than the issues presented in Ideal Mutual or Sabato, and may be as simple as deciding, factually, whether William and Beldor lived under the same roof at the time of the accident.

See Molino, supra, 289 N.J. Super. at 411. Defendant's additional arguments on the arbitration issue are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Defendant also argues that no rule or statute permitted plaintiff to proceed summarily by order to show cause under Rule 4:67-1(a), which authorizes that procedure in "all actions in which the court is permitted by rule or by statute to proceed in a summary manner." We acknowledge that two other statutes providing for arbitration — the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-4, and the Uniform Arbitration Act, N.J.S.A. 2A:23B-7 — specifically authorize summary actions to enforce arbitration agreements. See Kimba Med. Supply v. Allstate Ins. Co. of N.J., 431 N.J. Super. 463, 468 (App. Div. 2013) (noting, in another context, that Department of Banking and Insurance regulations governing PIP arbitrations "incorporated aspects of the APDRA"). However, focusing on the no-fault auto insurance statute, with its emphasis on the expeditious resolution of PIP disputes by arbitration, we find that a summary action under Rule 4:67-1(a) was also appropriate here. Because the only cognizable issue before the court was whether defendant had refused plaintiff's demand for inter-company arbitration, this dispute was ideally

suited for summary treatment.  See Ideal Mutual, supra, 211 N.J. Super. at 339.  While N.J.S.A. 39:6A-11 does not specifically address the issue, we infer that a summary action is what the Legislature would have intended.

By analogy with Rutgers Casualty Insurance Co. v. Vassos, 139 N.J. 163, 175 (1995), which held that Longworth[3] disputes with UIM insurers should be promptly resolved by order to show cause, we conclude that refusals to arbitrate under N.J.S.A. 39:6A-11 should likewise be resolved by order to show cause. Although N.J.S.A. 39:6A-11 does not specifically so provide, it is implicit in the legislative purpose of the statute that an action to enforce inter-company arbitration should be pursued by

---

[3] Longworth v. Van Houten, 223 N.J. Super. 174 (App. Div. 1988), sets forth the procedures to be followed when an accident victim wishes to settle with an underinsured tortfeasor and still maintain the right to pursue an underinsured motorist (UIM) claim against the victim's own insurer.  Approving that procedure, Rutgers held:  "If the insurer does not respond within the time allotted for rejection of the award or settlement offer, the insured victim may, consistent with Longworth, supra, move for a declaratory ruling on order to show cause concerning the parties' rights and responsibilities." Rutgers, supra, 139 N.J. at 175.  The Court approved that procedure, although not specifically authorized by Rule 4:67-1(a), because of the need for expeditious resolution of the UIM/settlement issues.  Ibid.

the most expeditious and efficient possible means, which in this case is a summary action filed under Rule 4:67-1(a).[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We emphasize that our holding is limited to the enforcement of arbitration demands under N.J.S.A. 39:6A-11, and should not be over-read to extend to disputes arising outside of the no-fault statute.

A-5972-13T1