GILSON, J.A.D.
*3 Defendant Hereford Insurance Company (Hereford) appeals from a March 24, 2017 order denying its motion to compel the arbitration organization, Arbitration Forums, Inc. (AF), to hold an in-person hearing under the New Jersey Uniform Arbitration Act (Arbitration Act), N.J.S.A. 2A:23B-1 to -32. The contract under which AF provides arbitrators for such disputes does not require in-person hearings. Hereford contends, however, that it is entitled to an in-person hearing at a physical location under the Arbitration Act. We affirm because there is no language in the Arbitration Act requiring an in-person arbitration hearing. Moreover, Hereford made no showing of a specialized need for an in-person hearing. Thus, in the absence of a contract requiring in-person hearings or a showing of specialized need, a party to an arbitration proceeding is not entitled to an in-person hearing.
I.
This appeal arises out of an automobile accident and subsequent dispute between two insurance companies concerning reimbursement of personal injury protection (PIP) benefits. The relevant facts giving rise to the arbitration are not in dispute.
State Farm Guaranty Insurance (State Farm) paid PIP benefits to its insureds, and on January 6, 2014, filed a complaint under N.J.S.A. 39:6A-9.1, seeking reimbursement of the PIP benefits from Hereford, the insurer of the tortfeasor. State *948 Farm then filed a motion to compel arbitration. State Farm has a contract with AF, under which AF will arbitrate such PIP reimbursement disputes. Hereford is not a party to that contract. The contract does not require that arbitration hearings be in-person. In moving to compel arbitration, State Farm represented that AF was the least costly, charging a $70 fee, and the fastest forum with the most arbitrators. Thus, State Farm's motion requested arbitration through AF. Nevertheless, State Farm also stated that it was open to using another arbitration organization if requested by Hereford or ordered by the court. *4 On February 24, 2016, the trial court granted State Farm's motion and ordered arbitration through AF. The court noted that Hereford had not suggested an alternative arbitration organization or provided a persuasive reason why AF should not conduct the arbitration.
When the order was entered, AF was providing in-person arbitration hearings in New Jersey. Thereafter, AF discontinued its practice of in-person hearings in favor of telephonic hearings. On February 15, 2017, Hereford filed a motion to compel AF to conduct an in-person arbitration hearing at a physical location. Hereford identified no special reason why the PIP reimbursement arbitration warranted an in-person hearing. Instead, Hereford argued that the Arbitration Act required an in-person hearing for all arbitrations. State Farm initially supported Hereford's motion, but later withdrew its support and took no position. Similarly, on this appeal, State Farm takes no position.
On March 17, 2017, the court heard oral argument on Hereford's motion, and on March 24, 2017, the court entered an order denying Hereford's motion to compel an in-person hearing. The trial court reasoned that in-person hearings are not required under the Arbitration Act, and the parties would not be deprived of their due process rights by appearing telephonically.
II.
On appeal, Hereford makes four arguments, all of which present the same question: whether the Arbitration Act requires an arbitration organization to conduct an in-person hearing. Hereford contends that it is entitled to a hearing at a physical location under the Act. Given the plain language of the Act, we reject Hereford's contention and affirm the trial court's order.
We review a trial court's interpretation of the law de novo. Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442, 169 A.3d 473 (2017) ; see also Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) ("A trial court's interpretation of the law and the *5 legal consequences that flow from established facts are not entitled to any special deference.").
Arbitration is required when the parties have contracted for that dispute resolution procedure or when a statute or regulation requires arbitration. See Amalgamated Transit Union v. Mercer Cty. Improvement Auth. (Mercer Metro Div.), 76 N.J. 245, 252-54, 386 A.2d 1290 (1978) (holding that mandatory arbitration under a statute is constitutional where there are adequate procedural safeguards imposed on the arbitrator's authority); Bernetich, Hatzell & Pascu, LLC v. Med. Records Online, Inc., 445 N.J. Super. 173, 179, 136 A.3d 955 (App. Div. 2016) (finding there is a statutory presumption in favor of arbitration, but that "arbitration remains a 'matter of contract' " (citation omitted) ).
In addition to the parties' contract, the arbitration process is generally governed *949 by statute. For example, interstate commerce matters are governed by the Federal Arbitration Act (FAA), while intrastate matters in New Jersey are generally governed by the Arbitration Act.[2] 9 U.S.C.A. §§ 1 to 16 ; N.J.S.A. 2A:23B-3 ; see also Martindale v. Sandvik, Inc., 173 N.J. 76, 83-86, 800 A.2d 872 (2002) (stating that Congress enacted the FAA pursuant to its "substantive power to regulate interstate commerce," and that the FAA permits states to regulate contracts and arbitration agreements where not preempted by federal law). This arbitration involves an intrastate matter and, therefore, the Arbitration Act governs.
New Jersey sometimes has a more specific statute governing particular types of arbitration. For example, the New Jersey Automobile Insurance Cost Reduction Act (Insurance Act), N.J.S.A. 39:6A-1 to -35, governs arbitration of PIP benefit recovery claims, specifically. Under the Insurance Act, the Commissioner *6 of the Department of Banking and Insurance (Commissioner) has the authority to "promulgate rules and regulations with respect to the conduct of the dispute resolution proceedings." N.J.S.A. 39:6A-5.1(b). In exercising that authority, the Commissioner enacted regulations applicable to enumerated subsections of the Insurance Act. The Commissioner did not include N.J.S.A. 39:6A-9.1, the subsection governing PIP benefit reimbursement arbitration, in the scope of those regulations. N.J.A.C. 11:3-5.1(a) to (b). Given that exclusion, the procedural requirements set forth in the Insurance Act do not apply to arbitration of PIP benefit reimbursement disputes. Instead, the Arbitration Act governs such disputes. See N.J. Mfrs. Ins. Co. v. Horizon Blue Cross Blue Shield of N.J., 403 N.J. Super. 518, 527-29, 959 A.2d 858 (App. Div. 2008) (finding that the procedures under the Insurance Act did not apply to disputes not specifically enumerated in the statute or its regulations).
The Arbitration Act, in pertinent part, provides that an arbitrator "may conduct an arbitration in such a manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding." N.J.S.A. 2A:23B-15(a). An arbitrator is not required to conduct a hearing. N.J.S.A. 2A:23B-15(a) to (c). If a hearing is afforded, the parties have a right to notice, "to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing." N.J.S.A. 2A:23B-15(c) to (d). The Arbitration Act does not specify that an arbitration hearing must be "in-person" and it does not define whether "in-person" means at a physical location, telephonically, or otherwise. Instead, the Arbitration Act grants the arbitrator discretion to conduct a "fair and expeditious disposition" in a manner that the arbitrator sees fit. N.J.S.A. 2A:23B-15(a). Accordingly, we hold that the Arbitration Act does not require an in-person hearing for every arbitration.
Parties, of course, can contract for specific procedures to govern their arbitration. N.J.S.A. 2A:23B-4 ; see Fawzy v. Fawzy, 199 N.J. 456, 469, 973 A.2d 347 (2009) ("The [Arbitration] Act ...
*7 sets forth the details of the arbitration procedure that will apply unless varied or waived by contract, N.J.S.A. 2A:23B-4."). Moreover, parties can incorporate into their contract by reference rules of arbitration *950 organizations to govern their arbitration proceedings. Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 490, 610 A.2d 364 (1992). For example, the American Arbitration Association (AAA) and the International Institute for Conflict Prevention & Resolution (CPR) both have extensive rules governing arbitrations conducted by or under the rules of those organizations. Rules, Forms, Fees, Am. Arbitration Ass'n, https://www.adr.org/active-rules (last visited Feb. 28, 2018); 2013 Administered Arbitration Rules, Int'l Inst. for Conflict Prevention & Resolution (July 1, 2013), https://www.cpradr.org/resource-center/rules/arbitration/administered-arbitration-rules.
Neither the AAA rules nor the CPR rules require in-person hearings in all arbitrations. Absent an express provision in the parties' contract, the type and manner of the hearing is left to the discretion of the arbitrator. See, e.g., 2013 Administered Arbitration Rules, at Rule 12 ("The [r]ules do not establish a detailed mandatory hearing procedure but permit the Tribunal to determine the procedure."). Furthermore, if a hearing is afforded, it can be in-person, by telephone, or by other electronic means. See, e.g., Rules, Forms, Fees, at AAA Healthcare Payor Provider Arbitration Rules and Mediation Procedures 22 ("The arbitrator has the discretion to vary [the arbitration] procedure .... When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including video conferencing, internet communication, telephonic conferences and means other than an in-person presentation.").
Accordingly, absent either a contract requiring an in-person hearing, or a showing of particularized need, the arbitrator can decide whether to conduct a hearing and, if there is a hearing, the type of hearing to be conducted. That interpretation is consistent with the Arbitration Act's plain language. "Where an act is plain and unambiguous in its terms there is no room for judicial *8 construction since the language employed is presumed to evince the legislative intent." State Farm Indem. Co. v. Nat'l Liab. & Fire Ins. Co., 439 N.J. Super. 532, 537, 110 A.3d 132 (App. Div. 2015) (quoting Ideal Mut. Ins. Co. v. Royal Globe Ins. Co., 211 N.J. Super. 336, 338, 511 A.2d 1205 (App. Div. 1986) ). The Arbitration Act gives the arbitrator discretion to determine whether a hearing is necessary. N.J.S.A. 2A:23B-15(b). If a hearing is allowed, nothing in the Act prohibits the hearing from being conducted telephonically. In addition, nothing in the Act requires that the hearing be at a physical location. Accordingly, we hold that absent a contract or a specialized showing, telephonic hearings are permissible under the Arbitration Act. N.J.S.A. 2A:23B-15(a), (c) to (d).
This interpretation of the Arbitration Act is consistent with the regulations governing other types of PIP dispute resolutions. The Arbitration Act and the Insurance Act, as well as its regulations, are complementary. Both statutes further New Jersey's strong public policy favoring arbitration. See N.J.S.A. 39:6A-24 ("The purpose and intent of [the Insurance Act] is to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts."); Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556, 107 A.3d 1281 (2015) ("[T]he ascertainable public policy [under the Insurance Act] is to encourage resort to arbitration[.]"); see also Fawzy, 199 N.J. at 468-70, 973 A.2d 347 (noting that arbitration is a favored remedy in New Jersey, as evidenced by the adoption of the Arbitration Act). Furthermore, insurers with a PIP benefit reimbursement *951 dispute can "voluntar[ily]" submit their dispute to the procedures governing PIP recovery disputes under the Insurance Act. New Jersey No-Fault PIP Arbitration Rules, Forthright 5 (May 1, 2017), http://www.nj-no-fault.com/main.aspx?itemID=225&hideBar=False&navID=222&news=24.[3] *9 The regulations under the Insurance Act state that dispute resolution proceedings may be "in-person" or "on-the-papers." N.J.A.C. 11:3-5.2, - 5.6. " 'In-person proceeding' or 'in-person case' means a PIP dispute where the parties or their representatives appear in person or telephonically before the [dispute resolution professional] to present their cases in accordance with the rules of the dispute resolution organization." N.J.A.C. 11:3-5.2. Therefore, a telephonic hearing satisfies the standard for an in-person dispute resolution hearing under the Insurance Act. That regulation does not conflict with the procedures set forth in the Arbitration Act and, accordingly, informs our analysis. See N.J. Healthcare Coal. v. N.J. Dep't of Banking & Ins., 440 N.J. Super. 129, 135, 111 A.3d 716 (App. Div. 2015) ("[A]n agency's specialized expertise renders it particularly well-equipped to understand the issues and enact the appropriate regulations pertaining to the technical matters within its area." (citation omitted) ).
Here, a telephonic hearing will afford the parties the opportunity to be heard, present evidence, cross-examine witnesses, and make arguments. AF represents that it allows a meaningful opportunity to be heard by telephone and by computer. Consequently, conducting an arbitration hearing telephonically will not, in the present matter, deprive the parties of due process. See Lopez v. Patel, 407 N.J. Super. 79, 88-89, 969 A.2d 510 (App. Div. 2009) (holding that parties were "given full opportunity to be heard" when they were represented by counsel at an arbitration hearing and were permitted to present witnesses). Significantly, Hereford has made no showing that the procedures provided by AF will not afford it an adequate right to be heard, to present evidence, or to cross-examine witnesses. See N.J. Healthcare Coal., 440 N.J. Super. at 144, 111 A.3d 716 (holding that on-the-papers arbitration proceedings do not violate due process when the Department of Banking and Insurance monitors the effect of the proceedings). Here, there was no showing of a particularized *10 need for an in-person hearing and, thus, a telephonic hearing will afford Hereford procedural due process.
Affirmed.

The Arbitration Act governs most agreements to arbitrate made after 2003, except an arbitration between an employer and a duly elected representative of employees under a collective bargaining agreement (CBA). N.J.S.A. 2A:23B-3. Agreements to arbitrate under a CBA are governed by N.J.S.A. 2A:24-1 to -11.

The Commissioner of Banking and Insurance has designated Forthright as the PIP ADR administrator for PIP recovery disputes. PIP Information for Healthcare Providers, N.J. Dep't of Banking & Ins., http://www.state.nj.us/dobi/pipinfo/aicrapg.htm (last visited Feb. 28, 2018).