701 A.2d 445

CONNIE KNOX AND ROBERT M. KNOX, JR., GENERAL ADMINIS-TRATRIX/ADMINISTRATOR AND ADMINISTRATRIX/ADMIN-ISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ELEA-NOR M. KNOX, DECEASED, PLAINTIFFS–APPELLANTS, v. LINCOLN GENERAL INSURANCE CO., DALTON A. DILL, WALKER SERVICES, RONALD H. DOWNS, STATE OF NEW JERSEY, ANTHONY DESALIS, MICHAEL SALLADINO, DAN-IEL SIMPSON, RICHARD EVANS, RAUL FIGUEROA, PATRICK LAVIN, ABRAHAM MORALES, MICHAEL MORRIS, AND HAR-RY R. PARKER, DEFENDANTS, AND HARLEYSVILLE INSUR-ANCE CO., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 9, 1997—Decided September 26, 1997.

432

Before Judges LONG, STERN and KIMMELMAN.

*William C. Popjoy, III* argued the cause for appellants (*Hoffman, DiMuzio & Hoffman*, attorneys; *Mr. Popjoy*, on the brief).

*Mark B. Shoemaker* argued the cause for respondent (*Gercke, Dumser & Feld*, attorneys; *Mr. Shoemaker*, on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

In this declaratory judgment action, plaintiffs, the general representatives and administrators ad prosequendum of the estate of their mother, Eleanor M. Knox, who was severely injured and later died as a result of a rear-end automobile collision, appeal from a summary judgment entered July 26, 1996, in favor of defendant Harleysville Insurance Co. (Harleysville). The motion judge rejected plaintiffs' claim that Harleysville had wrongfully been reimbursed by defendant Lincoln General Insurance Co. (Lincoln) for personal injury protection (PIP) benefits Harleysville had paid to the decedent prior to her death. Plaintiffs had contended that Harleysville acted in bad faith in seeking the reimbursement of PIP benefits from Lincoln without first notifying plaintiffs because the reimbursement by Lincoln reduced the amount of liability insurance available to settle plaintiffs' wrongful death and damage claims. Plaintiffs contended that such action

by Harleysville denied them the opportunity to be made whole on their wrongful death and survival claims. Their complaint sought to compel Harleysville to pay back to Lincoln the PIP benefits reimbursement it had received.

Factually, plaintiffs' decedent was stopped at a red light when her automobile was rear-ended by a tractor-trailer being driven by defendant Dalton A. Dill and owned by defendant Walker Services (Walker). Defendants Dill and Walker were insured for $1,000,000 of liability coverage by defendant Lincoln. The decedent suffered serious injuries and died approximately fourteen days after the accident. Harleysville, which insured the decedent's vehicle, paid $135,013.64 in PIP benefits for decedent's medical expenses. Harleysville, pursuant to *N.J.S.A.* 39:6A–9.1, sought and obtained reimbursement from Lincoln for the PIP benefits paid by Harleysville to or for the benefit of the decedent.

The New Jersey Automobile Reparation Reform Act (the Act), *N.J.S.A.* 39:6A–1 to 6A–35, provides the background for Harleysville's position. The Act requires every automobile liability insurance policy to provide PIP coverage so that an injured motorist might have ready access to medical benefits without regard to the motorist's fault and at a time before the ultimate liability for the accident is determined. *Sotomayor v. Vasquez,* 109 *N.J.* 258, 261, 536 *A.*2d 746 (1988); *see also N.J.S.A.* 39:6A–5. In pertinent part, *N.J.S.A.* 39:6A–9.1 provides as follows:

> An insurer ... paying benefits pursuant to [39:6A–4], as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payment from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State.... In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer ... is legally entitled to recover ... shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.

Harleysville, when it presented its claim to Lincoln for PIP reimbursement, did not notify plaintiffs as "involved parties" that it had made such a claim. Pursuant to the statute, the claim was settled by arbitration and Lincoln, covering a commercial carrier

was not required to maintain PIP insurance, paid $135,013.64 to Harleysville. During settlement negotiations on their wrongful death claim, plaintiffs learned of the PIP benefits reimbursement by Lincoln to Harleysville and that there then remained for settlement $864,986.36 of the $1,000,000 liability policy issued by Lincoln covering the tortfeasors Dill and Walker.

On cross-motions for summary judgment, Harleysville and Lincoln sought an adjudication as to the propriety of the PIP reimbursement and plaintiffs sought to set the PIP reimbursement aside so that Lincoln's $1,000,000 liability coverage would remain at the maximum and not be so reduced. It was argued that Harleysville acted in bad faith because it did not notify plaintiffs as "involved parties" under *N.J.S.A.* 39:6A–9.1 of its PIP reimbursement claim made to Lincoln.

Initially, we observe that it is somewhat speculative for plaintiffs to urge that the remaining coverage left under the Lincoln policy after the deduction of the PIP reimbursement to Harleysville is inadequate to provide a total and complete recovery to plaintiffs. Their wrongful death claim is completely unliquidated. Nevertheless, Harleysville, in its appellate brief, stipulates, for the purpose of framing the legal issue to be decided, that the exercise of its statutory right of PIP reimbursement might deny complete recovery to plaintiff as an injured party. We must decide whether the legislative plan embodied in the Act contemplates that a carrier such as Harleysville, which pays PIP benefits to its injured insured, must make sure that the tortfeasor's liability policy will be sufficient to provide complete recovery to the claimant before seeking reimbursement from the tortfeasor's commercial carrier pursuant to *N.J.S.A.* 39:6A–9.1.

*Otto v. Prudential Prop. and Cas. Co.,* 278 *N.J.Super.* 176, 650 *A.*2d 832 (App.Div.1994) is instructive. There, as in this case, the injured claimant (plaintiff) was involved in an accident with a commercial vehicle. Prudential was the insurer for the plaintiff and paid $75,745 in PIP benefits for plaintiff's medical expenses. *Id.* at 178, 650 *A.*2d 832. The commercial vehicle was insured

under a policy with a $500,000 liability limit. *Id.* at 181, 650 *A.*2d 832. Prudential failed to assert its claim against the commercial carrier for reimbursement of the PIP benefits paid by it within the two-year period required by *N.J.S.A.* 39:6A–9.1 and was, therefore, barred from such reimbursement. *Id.* at 179, 650 *A.*2d 832. The plaintiff settled her bodily injury claim for $490,000. *Id.* at 178, 650 *A.*2d 832. Prudential then sought reimbursement from its own insured, the plaintiff who had settled, pursuant to former *N.J.S.A.* 39:6A–4.3(c), since repealed. *Id.* at 180, 650 *A.*2d 832. We held Prudential entitled to reimbursement from its insured and set forth our view of the procedure to regain PIP payments.

In this way the Legislature has expressed its intent concerning the order in which the PIP carrier is to be reimbursed. First the carrier shall seek agreement with the commercial tortfeasor's insurer, failing that it shall go to arbitration with that insurer and only if it has still not been made whole, it may recover from the noneconomic compensation settled on or awarded to the injured party. Pursuant to the legislative scheme, we conclude Prudential was first obliged to obtain its reimbursement from the tortfeasor's insurer. *Ibid.*

We observed that, had Prudential timely followed the mandate of *N.J.S.A.* 39:6A–9.1 and been reimbursed $75,745 for PIP benefits paid by it before plaintiff had settled her lawsuit against the tortfeasor, plaintiff would have been limited to a personal injury recovery of $424,255; the balance remaining under the tortfeasor's $500,000 policy after deducting the PIP reimbursement. *Id.* at 181, 650 *A.*2d 832.

*Frazier v. New Jersey Mfrs. Ins.,* 142 *N.J.* 590, 667 *A.*2d 670 (1995), illustrates a similar result in the workers's compensation area. In *Frazier,* our Supreme Court addressed the effect of the lien created by *N.J.S.A.* 34:15–40, whereby an injured employee is obligated to reimburse the employer or its worker's compensation carrier for the amount of benefits paid to the employee from any recovery obtained against a third-party tortfeasor. *Id.* at 597–98, 667 *A.*2d 670. To the extent of worker's compensation paid, a lien for recovery is imposed on the employee's cause of action against a third-party tortfeasor. *Id.* at 598, 667 *A.*2d 670. It was held that the worker's compensation carrier is entitled to reimbursement of benefits paid to an employee, whether or not the employee will be

left with full compensation from a third-party tortfeasor. *See Id.* at 605, 667 *A*.2d 670.

From *Otto, supra,* and *Frazier, supra,* we glean a legislative intent in dealing with statutory reimbursement schemes. The carriers, whether paying PIP benefits or worker's compensation benefits, both have a right to be made whole even though reimbursement may reduce the pool of available insurance coverage to which the claimant or injured employee may look for recovery. *See Otto, supra,* at 181, 650 *A*.2d 832; *Frazier, supra,* at 605, 667 *A*.2d 670. The fact that a PIP carrier is given a degree of priority in being reimbursed for PIP payments made to its injured insured is understandable. The Act requires the injured motorist's medical expenses to be paid up-front by the PIP carrier without regard to the motorist's fault even before there has been a determination of ultimate liability for the accident, in order to afford the injured motorist a prompt measure of relief not available were he/she relegated to a conventional common-law negligence action. *See Sotomayor, supra,* at 261, 536 *A*.2d 746. Thus, the possibility that PIP reimbursement may be charged against the tortfeasor's liability coverage is a fair trade-off.

All is not lost for the injured claimant. Recovery may be sought under the underinsured motorist coverage of the tortfeasor's policy or even against the tortfeasor's excess liability insurer, if such coverage exists.

Beyond insurance coverage, the injured claimant still has a full cause of action for recovery from the tortfeasor, although in the case of an underinsured or impecunious tortfeasor that course may not be fully satisfactory.

We find without merit plaintiffs' claim that *N.J.S.A.* 39:6A–9.1 requires decedent's PIP insurer, Harleysville, to put them on notice as "involved parties" of its claim for PIP reimbursement against Lincoln. The resolution of the PIP claim did not require factual input from the plaintiffs but was a matter for resolution by the respective carriers or by arbitration, as provided by the

statute. *See N.J.S.A.* 39:6A–9.1. The issue of reimbursement is mandated by the statute. *Ibid.* All that may remain open to be settled by agreement or arbitration is the amount of PIP benefits to be paid.

■ Furthermore, we fail to perceive merit in the contention that Harleysville did not act in good faith when it sought PIP reimbursement. Harleysville simply resorted to rights mandated to it by the statute. *See ibid.* It was obliged to act in a timely fashion. *See Otto, supra,* at 179, 650 *A.*2d 832.

The summary judgment was properly entered in favor of Harleysville and Lincoln. As supplemented by the foregoing, we affirm substantially for the reasons expressed by Judge Holston in his oral opinion of July 26, 1996.