952 A.2d 1156 (2008)
402 N.J. Super. 166
Sebastian FERNANDEZ, Plaintiff-Respondent,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellant, and
Proformance Insurance Company, Defendant.
No. A-4849-06T1
Superior Court of New Jersey, Appellate Division.
Argued April 28, 2008.
Decided August 12, 2008.
*1157 Christine M. Mercado, argued the cause for appellant (Richard D. Millet & Associates, LLC, attorneys, Somerville; Ms. Mercado and Richard D. Millet, of counsel and on the brief).
Anthony V. D'Elia, Secaucus, argued the cause for respondent (Chasan Leyner & Lamparello, attorneys; Mr. D'Elia, on the brief).
Before Judges PARRILLO, GILROY and BAXTER.
The opinion of the court was delivered by
GILROY, J.A.D.
This is a declaratory judgment action. Plaintiff Sebastian Fernandez filed a complaint seeking to resolve a dispute between himself and defendant Nationwide Mutual Fire Insurance Company, his personal injury protection (PIP) carrier, regarding the priority of their claims to the insurance proceeds of the third-party tortfeasors. Nationwide appeals from the April 13, 2007 order of the Law Division, which granted plaintiff's motion for summary judgment; denied its cross-motion for summary judgment; and directed the Clerk of the Court to pay plaintiff monies that had previously been deposited with the court by defendant Proformance Insurance Company, the tortfeasors' liability insurance carrier.
The issue presented on appeal is whether a PIP carrier's right to reimbursement for paid PIP benefits, pursuant to N.J.S.A. 39:6A-9.1, has priority over an insured's right to be made whole where the tortfeasor's insurance does not fully cover the insured's personal injury damages. The trial judge, believing a conflict exists between the appellate decisions in Knox v. Lincoln Gen. Ins. Co.,[1] and IFA Ins. Co. v. Waitt,[2] concerning whether a PIP carrier or its injured insured should have preference to the proceeds of a third-party tortfeasor's insurance policy, decided that IFA controlled and resolved the issue in favor of plaintiff. The judge concluded that a PIP carrier's statutory right to reimbursement "is triggered, only in the event that there are excess funds available."
We conclude that Knox and IFA are not in conflict, but rather address different issues under the PIP reimbursement statute, N.J.S.A. 39:6A-9.1. We determine that the issue presented is controlled by Knox and hold: that where a PIP carrier has paid benefits to its insured, it is entitled to reimbursement of those benefits from the insurance proceeds of a third-party tortfeasor, pursuant to N.J.S.A. 39:6A-9.1, even if the limits of the tortfeasor's insurance policy are insufficient to make the insured whole. Accordingly, we reverse.
*1158 On February 2, 2004, plaintiff was the owner and operator of an automobile insured by Nationwide when he was involved in an accident with a commercial vehicle owned by Go Pro Waste Services, Inc., and operated by Peter Garofalo (collectively, the tortfeasors). The tortfeasors' vehicle was insured by Proformance for personal injury liability coverage in the amount of $1,000,000. As a result of the accident, plaintiff suffered serious injuries and incurred medical expenses totaling $591,269.62. Nationwide paid plaintiff its PIP coverage limit of $250,000. On April 20, 2004, plaintiff filed a personal injury action against the tortfeasors. On July 14, 2004, Nationwide filed for inter-company arbitration against Proformance to recover the PIP benefits paid to plaintiff, together with interest, pursuant to N.J.S.A. 39:6A-9.1.
On September 20, 2005, Nationwide received an arbitration award against Proformance in the amount of $250,891.56. On November 3, 2005, plaintiff received a non-binding arbitration award against the tortfeasors in the amount of $1,841,269.62, which included excess medical expenses of $341,269.62. On February 23, 2006, plaintiff settled with the tortfeasors for $1,000,000, with Proformance paying plaintiff $749,108.44 and depositing the remaining $250,891.56, the amount awarded to Nationwide, into court, pending resolution of plaintiff's claim to those funds.
On May 30, 2006, plaintiff filed a declaratory judgment action against Nationwide and Proformance, seeking a declaration that "his claim to [the $250,891.56] takes priority over the Defendant Nationwide's arbitration award." On September 8, 2006, an order was entered granting leave to Proformance to deposit the amount of the arbitration award into court. Plaintiff and Nationwide cross-moved for summary judgment. Proformance did not assert a position on the motions. On April 13, 2007, the trial judge entered an order supported by an oral decision, granting plaintiff's motion and denying Nationwide's motion. In granting plaintiff summary judgment, the judge determined that plaintiff was entitled to be made whole for his injuries by receiving the full amount of Proformance's liability insurance proceeds before Nationwide was entitled to receive reimbursement.
On appeal, Nationwide argues that, as plaintiff's PIP carrier, it has a primary right of reimbursement over that of plaintiff, pursuant to N.J.S.A. 39:6A-9.1, even where the amount of the tortfeasors' insurance is insufficient to fully satisfy plaintiff's personal injury claims. Plaintiff counters that the PIP subrogation statute does not give Nationwide's claim priority over his claim; rather, it merely permits a PIP carrier to recoup the amount of paid PIP benefits directly from a tortfeasor's carrier when the tortfeasor did not maintain PIP coverage. Plaintiff contends that the facts of the present matter are more aligned with those in IFA, rather than Knox, and that we should affirm the decision of the trial court.
A trial court will grant summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission *1159 of the issue to the trier of fact." R. 4:46-2(c).
On appeal, "the propriety of the trial court's order is a legal, not a factual, question." Pressler, Current N.J. Court Rules, comment 3.2.1 on R. 2:10-2 (2008). "We employ the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998).
This appeal requires us to address an issue raised in Selective Ins. Co. v. Nat'l Cont'l Ins. Co., 385 N.J.Super. 62, 71, 895 A.2d 1218 (App.Div.), certif. denied, 188 N.J. 218, 902 A.2d 1235 (2006), where the court stated that "there is an inherent conflict between injured victims who are required to obtain PIP coverage and their first-part[y] insurer's right to subrogate against a tortfeasor's liability carrier." Although the court acknowledged that there is a "philosophical" dispute between an injured insured and his or her PIP carrier when the amount of the tortfeasor's insurance coverage is not sufficient to satisfy the claims of both, the court was not required to resolve the issue under the facts of the case. Ibid.
We begin our analysis by stating the PIP reimbursement statute:
An insurer, health maintenance organization or governmental agency paying benefits pursuant to subsection a., b. or d. of section 13 of P.L. 1983, c. 362 (C.39:6A-4.3), personal injury protection benefits in accordance with section 4 or section 10 of P.L. 1972, c. 70 (C. 39:6A-4 or 39:6A-100), medical expense benefits pursuant to section 4 of P.L. 1998, c. 21 (C.39:6A-3.1) or benefits pursuant to section 45 of P.L. 2003, c. 89 (C.39:6A-3.3), as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with section 18 of P.L. 1985, c. 520 (C.17:28-1.4), or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident. In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.
[N.J.S.A. 39:6A-9.1.]
Plaintiff contends that because the tortfeasors' liability insurance policy will be exhausted before his and Nationwide's claims are fully satisfied, that pursuant to IFA, he is entitled to be made whole before Nationwide receives PIP reimbursement. We disagree.
In IFA, the insured was paid more than $30,000 in PIP benefits by his PIP carrier. IFA, supra, 270 N.J.Super. at 622, 637 A.2d 941. The tortfeasor operated a commercial motor vehicle insured with a $75,000 single-limit liability policy. After the insured filed a personal injury complaint, the tortfeasor's carrier deposited its entire amount of coverage into court in the underlying liability action. Ibid. After the money was deposited, the PIP carrier sought reimbursement against the *1160 tortfeasor's carrier pursuant to N.J.S.A. 39:6A-9.1. The tortfeasor's carrier did not reimburse the PIP carrier because its liability coverage had been exhausted in the underlying action between the injured insured and the tortfeasor. Id. at 623, 637 A.2d 941.
The trial court granted the tortfeasor's carrier summary judgment, determining that the PIP carrier was not entitled to reimbursement from the tortfeasor's carrier when the carrier's liability policy limits were exhausted. Ibid. On appeal, we framed the issue as "whether recovery of PIP payments is limited to the amount of the commercial tortfeasor's liability coverage." Id. at 625, 637 A.2d 941. In answering the question in the negative, we held that "the statute does not require the commercial tortfeasor's carrier to reimburse the PIP carrier after exhaustion of the liability policy limits where there is no excess policy available. Without a specific legislative directive, we should not abruptly increase the exposure of the tortfeasor's liability carrier." Id. at 626, 637 A.2d 941. Because IFA did not address the issue of priority between an injured insured's claim to be made whole and a PIP carrier's right to statutory reimbursement for paid PIP benefits, we determine plaintiff's reliance on that decision to be misplaced.
About seven years later, this court again addressed the PIP reimbursement statute in Knox, supra, 304 N.J.Super. at 431, 701 A.2d 445. In Knox, the plaintiffs' deceased mother suffered injuries in an automobile accident and later died as a result thereof. Prior to the decedent's death, she was paid $135,013.64 in PIP benefits by her PIP carrier. Id. at 434, 701 A.2d 445. The tortfeasor was insured for liability insurance in the amount of $1,000,000. The PIP carrier sought and obtained reimbursement from the tortfeasor's liability insurance carrier pursuant to the PIP reimbursement statute. Ibid. Plaintiffs had not learned that the tortfeasor's carrier had reimbursed the PIP carrier until plaintiffs had entered into settlement negotiations regarding their wrongful death claim. Id. at 434-35, 701 A.2d 445. Plaintiffs filed an action against the deceased's PIP carrier and the tortfeasor's carrier, claiming that the PIP carrier was wrongfully reimbursed for the PIP benefits paid to the insured. The trial court held that the PIP carrier did not have an obligation to ensure that sufficient funds remained available to provide a complete recovery to the insured before seeking PIP reimbursement. Id. at 433, 701 A.2d 445.
On appeal, the Appellate Division affirmed. Id. at 438, 701 A.2d 445. In reaching its decision, the court reviewed the prior decisions of Otto v. Prudential Prop. & Cas. Ins. Co., 278 N.J.Super. 176, 650 A.2d 832 (App.Div.1994), and Frazier v. N.J. Mfrs. Ins. Co., 142 N.J. 590, 667 A.2d 670 (1995), to determine the Legislature's intent when it enacted the PIP reimbursement statute. The court stated:
From Otto, supra, and Frazier, supra, we glean a legislative intent in dealing with statutory reimbursement schemes. The carriers, whether paying PIP benefits or worker's compensation benefits, both have a right to be made whole even though reimbursement may reduce the pool of available insurance coverage to which the claimant or injured employee may look for recovery. The fact that a PIP carrier is given a degree of priority in being reimbursed for PIP payments made to its injured insured is understandable. The Act [the New Jersey Automobile Reformation Reform Act, N.J.S.A. 39:6A-1 to 6A-35] requires the injured motorist's medical expenses to be paid up-front by the PIP carrier without regard to the motorist's fault even before there has been a determination *1161 of ultimate liability for the accident, in order to afford the injured motorist a prompt measure of relief not available were he/she relegated to a conventional common-law negligence action. Thus, the possibility that PIP reimbursement may be charged against the tortfeasor's liability coverage is a fair trade-off.
All is not lost for the injured claimant. Recovery may be sought under the underinsured motorist coverage of the tortfeasor's policy or even against the tortfeasor's excess liability insurer, if such coverage exists.
Beyond insurance coverage, the injured claimant still has a full cause of action for recovery from the tortfeasor, although in the case of an underinsured or impecunious tortfeasor that course may not be fully satisfactory.
[Knox, supra, 304 N.J.Super. at 437, 701 A.2d 445 (internal citations omitted).]
After another seven years, this court was asked to reconsider the rationale underpinning Knox in David v. Gov't Employees Ins. Co., 360 N.J.Super. 127, 821 A.2d 564 (App.Div.), certif. denied, 178 N.J. 251, 837 A.2d 1094 (2003). In David, plaintiff was injured when the vehicle she was operating was involved in a two-car collision in New Jersey with a motor vehicle operated by a New York resident tortfeasor, who was not required to maintain PIP coverage. The tortfeasor's vehicle was insured with liability insurance in the amount of $300,000. Plaintiff's PIP carrier paid her PIP benefits. The PIP carrier obtained an arbitration award against the tortfeasor's liability carrier without notice to plaintiff in the amount of $57,208.48, representing paid PIP benefits and counsel fees in prosecuting the arbitration proceeding. Id. at 132, 821 A.2d 564. Plaintiff demanded the tortfeasor's policy limits in settlement. After plaintiff was advised by the tortfeasor's carrier of the amount awarded in arbitration to the PIP carrier, plaintiff settled her claim for $242,791.52. Ibid.
Plaintiff filed an action against her PIP carrier and the tortfeasor's liability carrier, contending in part that the PIP carrier was wrongfully reimbursed for paid PIP benefits and for reimbursement of counsel fees in prosecuting the arbitration proceeding. Ibid. The trial court granted summary judgment to the two insurance carriers following the reasoning of Knox. Id. at 131-32, 821 A.2d 564. On appeal, we were "urged" to depart from the decision in Knox. Id. at 130, 821 A.2d 564. We declined to do so, affirming that part of the trial court's decision determining that the PIP carrier was entitled to reimbursement of paid PIP benefits, pursuant to N.J.S.A. 39:6A-9.1; however, we did reverse on the issue of attorneys' fees, concluding that the PIP carrier was not entitled to recover such fees in arbitration against the liability insurer in prosecuting a PIP reimbursement claim. Id. at 144, 821 A.2d 564.
In re-affirming Knox, we addressed its reliance on Otto and Frazier, and concurred with plaintiff that those decisions were "not on all fours with Knox." Id. at 135, 821 A.2d 564. Otto concerned an insurance contract provision, not the legislative intent in enacting N.J.S.A. 39:6A-9.1. Frazier involved a worker's compensation statute, N.J.S.A. 34:15-40(c), "which explicitly provides that reimbursement of the insurance carrier is allowed even if the employee is not totally compensated. . . ." Id. at 137, 821 A.2d 564. Nevertheless, although Otto and Frazier were "perhaps slender reeds upon which to lean as support for Knox," we concluded that we would not depart from Knox for stare decisis purposes; the plaintiff not having shown Knox to be clearly wrong. Id. at 141-44, 821 A.2d 564. Our decision not to depart from Knox was informed by the *1162 then-recent decision of State Farm Mut. Auto. Ins. Co. v. Licensed Beverage Ins. Exch., 146 N.J. 1, 679 A.2d 620 (1996).
In State Farm, the Court held that a PIP carrier could recover paid PIP benefits, pursuant to N.J.S.A. 39:6A-9.1, from a tavern that served alcohol to an intoxicated person who injured the carrier's insured. Id. at 14-15, 679 A.2d 620. The Court determined that the purpose of the PIP reimbursement statute was to provide PIP carriers with "a new right of reimbursement that was primary and not linked to any purported subrogation right." Id. at 9, 679 A.2d 620. Further, the Court declared that the legislative intent of the statute was to alleviate imbalance by reducing the cost of automobile insurance for the public by allowing PIP insurers to recover paid PIP benefits from the tortfeasor's insurance carrier. Ibid. Stated simply, the Court reasoned that the legislative objective of the reimbursement statute was to remove PIP costs from the shoulders of the insured and pass them on to the responsible parties. Id. at 15, 679 A.2d 620.
In addition to determining that the rationale of State Farm lent support to Knox, we decided not to depart from Knox because it had been several years since the case had been decided and the Legislature had not amended the PIP reimbursement statute, despite having had ample time to do so. David, supra, 360 N.J.Super. at 143, 821 A.2d 564. We concluded that because the Legislature is assumed to know the law and judicial construction of statutes, the Legislature's acquiescence demonstrated that the judicial construction of Knox was consistent with its intended purpose. Ibid.
We conclude that this matter falls more under the umbrella of Knox, as affirmed by David, than of IFA. A PIP carrier who has paid PIP benefits to an insured is entitled to reimbursement of those benefits from the insurance proceeds of the third-party tortfeasor, pursuant to N.J.S.A. 39:6A-9.1, even when the amount of the tortfeasor's insurance is insufficient to make the insured whole. We reject plaintiff's argument that he is entitled to be made whole before Nationwide receives reimbursement of paid PIP benefits, distinguishing Nationwide's statutory right of reimbursement from the tortfeasors' liability carrier from those cases in which a claimant's reimbursement rights are based on subrogation. See Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 388, 371 A.2d 17 (1977) (holding under N.J.S.A. 39:6A-9, the predecessor statute to N.J.S.A. 39:6A-9.1, that where a PIP carrier was entitled to pursue statutory subrogation for reimbursement of paid PIP benefits against the tortfeasor's liability carrier, such right of recovery was subject to the insured's right to be made whole); see also McShane v. N.J. Mfrs. Ins. Co., 375 N.J.Super. 305, 313-15, 867 A.2d 1207 (App.Div.2005).
Accordingly, we reverse the grant of summary judgment to plaintiff; reverse the denial of summary judgment to Nationwide; and remand the matter to the trial court to enter an amended order of judgment consistent with this opinion.
Reversed and remanded to the trial court.
NOTES
[1] Knox v. Lincoln Gen. Ins. Co., 304 N.J.Super. 431, 701 A.2d 445 (App.Div.1997).
[2] IFA Ins. Co. v. Waitt, 270 N.J.Super. 621, 637 A.2d 941 (App.Div.), certif. denied, 136 N.J. 295, 642 A.2d 1004 (1994).